**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**STEVEN COUCH,**

**Petitioner,**

**v.** **CASE NO. 25-3037-JWL**

**STATE OF KANSAS,**

**Respondent.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a pretrial detainee at the Saline County Jail in Salina, Kansas, proceeds pro se. The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing to the undersigned, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

**I. Allegations in the Petition**

On August 18, 2022, charges were brought against Petitioner in the District Court of Saline County, Kansas. *See Kansas v. Couch*, Case No. SA-2022-CR-000713 (District Court of Saline County, Kansas). Petitioner was charged with first degree murder, intentional, which was amended to second degree murder, intentional. *See id*. (8/18/22 Complaint/Information; and 11/09/22 First Amended Complaint/Information). In his state proceedings, Petitioner filed a motion based on double jeopardy, which was denied by the state court. Petitioner now seeks to have this Court enjoin this state criminal proceedings based on the Double Jeopardy Clause.

In his Petition under § 2241, Petitioner alleges that his state court prosecution is "[a] successive prosecution in violation of state law K.S.A. 21-5110(c)" because the "state is

prosecuting offense conduct already adjudicated in Federal District Court." (Doc. 1, at 2.)

As Ground One, Petitioner asserts ineffective assistance of counsel, arguing that the State has appointed six attorneys who have all refused to make a meaningful presentation. *Id.* at 6. As Ground Two, Petitioner claims that Kansas has created a liberty interest in the "right not to be tried" in K.S.A. 21-5110(c), and that his prosecution ignores this statute in violation of the Fourteenth Amendment. *Id.* Petitioner also asks the Court to waive exhaustion because it would be futile in light of his trial scheduled for March 31, 2025, claiming that no collateral review is available and there is no review available in Kansas courts until after the trial. *Id.* Petitioner asks this Court to enjoin his state prosecution. *Id.* at 7.

## II. Discussion

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas Corpus Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with

foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

An online Kansas district courts records search shows that Petitioner's state criminal proceedings are ongoing. *See Kansas v. Couch*, Case No. SA-2022-CR-000713 (District Court of Saline County, Kansas). The docket does not reflect that Petitioner's trial has concluded, and the docket reflects that the case is "pending." *Id*.

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)). Two varieties of "extraordinary circumstances" exist: "(1) where the plaintiff makes a showing of bad faith or harassment by state officials responsible for the prosecution or enforcement action and (2) where the state law or regulation to be applied is flagrantly and patently violative of express constitutional prohibitions." *Id.* at n.4 (citations and internal quotations

omitted). However, a petitioner has a "heavy burden" to overcome *Younger* abstention by setting forth "more than mere allegations of bad faith or harassment." *Amanatullah*, 187 F.3d at 1165 (citation omitted).

The Tench Circuit has held that "*Younger* abstention is unwarranted where a criminal accused presents a colorable claim that a forthcoming second state trial will constitute a violation of [his] double jeopardy rights." *Walck v. Edmondson*, 472 F.3d 1227, 1234 (10th Cir. 2007). Petitioner argues that statements made at his federal sentencing and other findings or statements in civil actions support his double jeopardy claim. *See* Doc. 1–1. The statements reflect that the victim used Petitioner's gun to take her own life. *Id*.

"The Double Jeopardy Clause protects defendants against (1) a second prosecution for the same offense after acquittal, (2) a second prosecution for the same offense after conviction, and (3) multiple punishments for the same offense." *United States v. Lossiah*, 271 F. App'x 721, 723 (10th Cir. 2008) (unpublished) (quoting *Anderson v. Mullin,* 327 F.3d 1148, 1153 (10th Cir. 2003) (quotations omitted)). Petitioner has not alleged that any of these circumstances exist in this case. Instead, he seeks to use prior statements to presumably show his innocence and prevent a trial based on those statements.

"The protections afforded by the [Double Jeopardy] Clause are implicated only when the accused has actually been placed in jeopardy," which occurs "when a jury is empaneled and sworn, or, in a bench trial, when the judge begins to receive evidence." *Thompkins v. McKune*, 433 F. App'x 652, 656 (10th Cir. 2011) (unpublished) (quoting *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 569, 97 S. Ct. 1349, 51 L.Ed.2d 642 (1977)). "[A]n accused must suffer jeopardy before he can suffer double jeopardy." *Id*. (quoting *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975)). "Without risk of a determination of guilt, jeopardy does

not attach, and neither an appeal nor further prosecution constitutes double jeopardy." *Id.* (quoting *Serfass*, 420 U.S. at 391–92).

Petitioner has not presented a "colorable claim" that his forthcoming trial will constitute a violation of his double jeopardy rights. *See Strickland v. Wilson*, 399 F. App'x 391, 397 (10th Cir. 2010) (unpublished) (finding that the double jeopardy claim was not colorable where the petitioner "presented no evidence suggesting that a trial on the escape charge was ever concluded; he has produced evidence showing only that the prosecutor, at one time, dismissed the charges").

In his Petition, Petitioner alleges that the "state is prosecuting offense conduct already adjudicated in Federal District Court." (Doc. 1, at 2.) However, Petitioner is relying solely on comments made by the sentencing judge at his federal sentencing. In his federal criminal case, Petitioner was charged in a one-count Indictment, with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). *See United States v. Couch*, Case No. 12-40014-JAR (D. Kan.) (Indictment at Doc. 1). Petitioner pleaded guilty and was sentenced to a 30-month term of imprisonment, followed by three years of supervised release. *Id.* at Doc. 89. Petitioner's federal criminal case only charged one count—felon in possession of a firearm. He was not charged with murder. As set forth above, jeopardy does not attach when there is no risk of a determination of guilt. In fact, the transcript of the sentencing shows that after Petitioner made his remarks to the Court, the judge stated "[y]ou are not charged in this court with being responsible in any criminal way for her death . . .." *Id.* at Doc. 161, at 14. Petitioner was not placed in jeopardy regarding a murder charge, nor was he acquitted, and he provides no authority for using statements at sentencing to support a double jeopardy claim for a subsequent trial on a different offense.

Prior to his current state criminal proceedings, Petitioner was originally charged with murder in Case No. 2011-CR-000213 in the District Court of Saline County, Kansas. *See State v.*

*Couch*, Case No. 2011-CR-000213 (District Court of Saline County, Kansas.) The case was filed on February 23, 2011. *Id.* The charge was amended to criminal threat at the preliminary hearing on September 14, 2011. *Id.* Although a jury trial was scheduled for March 20, 2012, all of the charges were dismissed "without prejudice" on January 19, 2012. *Id.* Petitioner has not shown that jeopardy had attached on his murder charge. *See Thompkins*, 433 F. App'x at 656 ("We conclude that jeopardy had not yet attached at the time of Mr. Thompkins's preliminary examination. Consequently, his double-jeopardy argument predicated on the dismissal of the premeditated-murder charge at that examination must fail.").[1]

Petitioner also appears to rely on statements made in his civil cases. *See Couch v. Mitchell*, Case No. 15-cv-4926-DDC-KGS (D. Kan.). Petitioner has failed to show that statements made in civil cases that he initiated placed him in jeopardy for purposes of the Double Jeopardy Clause. In sum, Petitioner has failed to state a colorable double jeopardy claim, and therefore the exception to *Younger* abstention as set forth in *Walck*, does not apply. Furthermore, his claims regarding ineffective assistance of counsel in his ongoing state criminal proceedings to not provide an exception to *Younger* abstention.

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining state proceedings" while *Ex Parte Royall* "involved a request for habeas relief." *Kirk v. Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished). In finding that *Ex Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court

[1] Petitioner suggests that the charges were refiled in Case No. 22-CR-713 based upon accusations made by a jailhouse informant. (Doc. 1–1, at 10.)

> should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted). The Tenth Circuit concluded that the district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention. Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal case in the District Court of Saline County, Kansas. The criminal case against Petitioner is ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims,

whether in the district court or, if necessary, on appeal or in further proceedings.

Petitioner has failed to assert a basis for finding extraordinary or special circumstances. Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Saline County, Kansas. Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner is granted until **May 2, 2025,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED**.

**Dated April 7, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**